IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Criminal Action No. 14-cr-00147-MSK
Civil Action No. 20-cv-00329-MSK

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**AUSTIN RAY,**

    Defendant.

**OPINION AND ORDER DENYING MOTION TO VACATE PURSUANT TO
28 U.S.C. § 2255**

**THIS MATTER** comes before the Court pursuant to Mr. Ray's *pro se*[1] Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 **(# 481)**, and the Government's response **(# 484)**.

**FACTS**

For purposes of this motion, the brief factual recitation found in the 10th Circuit's decision affirming Mr. Ray's conviction in *U.S. v. Ray*, 899 F.3d 852, 856-57 (10th Cir. 2018), suffices:

> In March 2006, Ray and his wife opened a tax-preparation firm, Cheapertaxes LLC. To expand their business, Ray and his wife relied on word-of-mouth referrals from clients who received large tax refunds. Over the next four years, they greatly exaggerated their clients' itemized deductions, including Schedule A deductions like job expenses and charitable contributions, so that their clients would receive larger tax refunds. Thus, Ray and his wife knowingly prepared and submitted many false tax returns to the Internal Revenue Service (IRS).

---

[1]     Mindful of Mr. Ray's *pro se* status, the Court construes his filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

> In April 2014—while Ray was living in a residential facility and participating in Colorado's community-corrections program as the result of unrelated offenses—the government arrested him on the federal tax-fraud charges central to this appeal. The government also charged Ray's wife with tax fraud. She pleaded guilty, but Ray rejected the government's plea offer. He represented himself at trial, and the jury convicted him on all counts. The district court imposed a 120-month sentence.

After unsuccessfully petitioning the U.S. Supreme Court to grant certiorari to hear his direct appeal, 139 S.Ct. 1206 (Feb. 19, 2019) (mem.), Mr. Ray timely filed the instant motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  Mr. Ray raises the following issues: (i) he was prevented from challenging the IRS' calculations of loss for purposes of restitution because the Court denied his request to retain an expert to do so; (ii) the IRS performed "electronic surveillance" at Cheapertaxes on February 25, 2010 without first obtaining a warrant, and the fruits of that surveillance were used to obtain the search warrant of Cheapertaxes that led to the charges herein; (iii) that he was denied an opportunity to prepare a defense because of "a denial of [the] right to expert witness; denial of the right to review discovery; [and] ineffective assistance of counsel during appointments, hybrid counsel at trial and advisory/standby counsel"[2]; and (iv) a *Brady* violation in that the Government "did not

---

[2]   Mr. Ray was represented by the Federal Public Defender from his Indictment in April 2014 through November 2014, when the Public Defender moved **(# 51)** to withdraw due to a breakdown in communications with Mr. Ray.  The Court promptly appointed **(# 58)** a CJA attorney, Mr. Viorst, to represent Mr. Ray.  By January 2015, Mr. Ray moved **(# 118)** to dismiss Mr. Viorst and proceed *pro se*.  The Court granted **(# 130)** that motion in March 2015, appointing Mr. Viorst to remain available as advisory and standby counsel.  Mr. Ray proceeded to file numerous motions on his own behalf on a wide array of subjects and continued to represent himself up to the third day of trial.  On that day, Mr. Ray requested **(# 336)** that Mr. Viorst resume his representation, and Mr. Viorst promptly resumed Mr. Ray's representation through the end of trial and sentencing.  (Mr. Ray did occasionally file *pro se* motions during this time period as well, *see e.g.* Docket # 342, which the Court sometimes entertained, *see e.g.* Docket # 372.)

disclose or turnover information concerning warrants that were never obtain[ed] by IRS agents prior to executing wiretaps . . . at Cheapertaxes in February of 2010." Notably, Mr. Ray's motion indicates his intention to "file [a] supplement and memorandum of law in support of § 2255 upon appointment of counsel," but Mr. Ray neither sought appointment of counsel[3] nor filed any supplemental factual or legal materials thereafter.

## ANALYSIS

28 U.S.C. § 2255(a) allows a prisoner convicted of federal offenses to seek to set aside his or her conviction or sentence by showing "that the sentence was imposed in violation of the Constitution or laws of the United States." The defendant's motion must "state facts that point to a real possibility of error," and "conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." *U.S. v. Moya,* 676 F.3d 1211, 1213 (10th Cir. 2012). Here, Mr. Ray has offered only conclusory assertions, but no facts that, if accepted, would show that a financial expert would have had reason to find the amount of the loss to be lower than the Government contended, that the IRS relied on electronic surveillance in acquiring evidence that was presented in an application for a search warrant (much less that such electronic surveillance was not itself authorized by a prior warrant), or that Mr. Ray was denied access to discovery or experts in a way that was prejudicial. For this reason, the Court denies Mr. Ray's motion as facially-insufficient.

---

[3] Criminal defendants do not have an inherent right to the assistance of counsel to bring a collateral attack on their sentence pursuant to 28 U.S.C. § 2255. *U.S. v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006). The decision whether to appoint counsel for a financially-eligible defendant is subject to the discretion of the court and the interests of justice. *See U.S. v. Schneider*, 559 Fed.Appx. 770, 772 (10th Cir. 2014). Because Mr. Ray never sought appointment of counsel, much less demonstrated that the interests of justice warranted such appointment, the Court will not *sua sponte* appointment one for him.

However, even if the Court were to reach the merits of Mr. Ray's claims -- informed largely by arguments made by Mr. Ray in raising similar issues during pretrial proceedings in this case – it would still find that Mr. Ray has not made a colorable showing that his conviction or sentence contravened any statutory or constitutional provisions.

### A. Electronic surveillance by IRS prior to 2010

The Court turns first to Mr. Ray's claims that the IRS' 2010 application for a search warrant with regard to Cheapertaxes was derived from prior warrantless electronic surveillance by the IRS. Mr. Ray presented variations of this contention on several occasions prior to trial, implying that the IRS engaged in some form of investigatory misconduct prior to the 2010 warrant-supported search of Cheapertaxes, but at no time did Mr. Ray present any concrete facts or evidence to support the contention. *See e.g.* Docket # 152 ("IRS denied Mr. Ray due process by violating its own observed rules, regulations, and procedural policy in initiating and conducting their criminal investigations against Mr. Ray"); #209 ("Mr. Ray believes the IRS federal agents intentionally violated his constitutional rights under the 4th, 5th, [and] 14th amendments prior to, during, and preceding their internal investigations. Mr. Ray states that he cannot inform the court of the actual violations without being able to review what the criminal investigation procedures consist of," requesting, among other things, that the IRS "disclose and produce all documentation as it relates to undercover monitoring operations").

Each time the Court addressed Mr. Ray's arguments based on this contention, it noted that Mr. Ray had not offered any specific details that would suggest the existence of prior IRS electronic surveillance. *See e.g.* Docket # 165 at 10 ("Mr. Ray does not elaborate" on his allegations, "[t]hus, the Court declines to dismiss the charges against Mr. Ray based on this purely conclusory argument"); Docket # 234 at 14-16 ("By Mr. Ray's own admission, he cannot

4

articulate a basis for his belief that I.R.S. agents violated his rights in the investigation of this case, and thus, by definition, his request for various I.R.S. materials is a 'fishing expedition' through which Mr. Ray hopes to identify and develop additional bases for challenging that conduct").

Nothing has changed. Mr. Ray may continue to believe that something untoward occurred, but his motion points to no evidence that even suggests that the IRS engaged in any wiretapping or other electronic surveillance that would require a warrant prior to obtaining the 2010 search warrant for Cheapertaxes.

Notably, Mr. Ray's motion makes reference to the Government's application for that 2010 search warrant. *See In Re Application for a Search Warrant for Cheaper Taxes*, D.C. Colo. Case No. 10-sw-05146-MEH.  Review of the warrant application filed in that case contains no mention whatsoever of prior wiretaps or other electronic surveillance of Cheapertaxes or Mr. Ray.  It identifies: (i) findings that the IRS made after reviewing large numbers of tax returns filed by Mr. Ray or Cheapertaxes on behalf of clients; and (ii) the reports of two IRS agents who, under cover, went to Cheapertaxes to have their taxes done.  Although the application indicates that the undercover agents made audio and video recordings of their visit and their interactions with Mr. Ray and other Cheapertaxes employees, those recordings are not wiretaps, nor are they interactions that required the IRS to first obtain a warrant.  *See e.g. U.S. v. Davis*, 1 F.3d 1014, 1016 (10th Cir. 1993) ("[a]lthough statute forbids the use of warrantless intercepted telephone conversations in law enforcement investigations, law enforcement personnel may lawfully monitor or record conversations with the consent of one of the parties to the conversation," here, the undercover agent).   Thus, because there is no evidence in the record to suggest that the IRS

5

engaged in any sort of electronic surveillance of Mr. Ray before obtaining a search warrant, relief based on Mr. Ray's second and fourth arguments are denied.

### B. Denial of authorization to retain an expert

As to the denial of authorization for Mr. Ray to retain an expert to challenge restitution calculations by the IRS, the record indicates that, prior to trial, Mr. Ray made several broad requests for authorization from the Court for funds to retain a variety of experts. *See e.g.* Docket # 138, 149, 168. The Court repeatedly advised Mr. Ray that he needed to "make [ ] specific showings as to the identities of the specialists whose services he sought to retain and the amount of time and money that such services were expected to require, among other things" before such requests could be granted. *See* Docket # 165 at 5, *see also* Docket # 144, 169. At no point did Mr. Ray ever comply with the Court's requirement that he identify the expert he sought to retain, the expert's hourly rate, or the number of hours expected for the expert to perform the review. Because Mr. Ray never provided the Court with the information necessary to permit consideration of a request for authorization for expert services, the Court cannot conclude that Mr. Ray was denied the ability to mount a defense to the IRS' calculations regarding losses.[4]

### C. Denial of access to discovery and ineffective assistance of counsel

Finally, Mr. Ray offers conclusory arguments contending that he was "denied [the] right to an expert witness," "denied [the] right to review discovery," and was hampered by "ineffective assistance of counsel during appointments, hybrid counsel a trial and

---

[4] Moreover, it is worth noting that, at least as far as the issue of restitution – which is the only issue Mr. Ray mentions in his motion – Mr. Ray was represented by counsel at the time of sentencing when the issue of restitution was decided. Mr. Ray's counsel did not assert a belief that an expert was needed to oppose the Government's restitution request. Mr. Viorst, on Mr. Ray's behalf, cross-examined the IRS' revenue agent on issues relating to restitution and made arguments to the Court about the appropriate restitution amount to be assessed.

advisory/standby counsel."  The Court has already addressed the alleged denial of any expert witness.

As to Mr. Ray's claim that he was denied the right to review discovery, that issue was also raised and addressed prior to trial.  At a hearing on April 2, 2015, an issue arose regarding Mr. Ray's ability to review electronic information contained on a "terabyte drive" belonging to Cheapertaxes that was seized pursuant to the warrant in 2010.  (Mr. Ray's status as appearing *pro se* and being incarcerated complicated his ability to review discovery.)   After certain miscommunications were resolved, the Court conducted a hearing on November 19, 2015 to address how Mr. Ray would have access to that information for his review and preparation for trial.  The Court observed that the Government had "provided to Mr. Ray, through his Case Manager, hard copies and a CD containing electronic versions of all documents that are [ ] user-created documents" on the terabyte drive, but Mr. Ray stated that he had not been given that information and recited certain difficulties he had communicating with his Case Manager and other jail staffers.  To resolve the issue, the Court directed that "Mr. Ray be transported to the courthouse on a regular basis to review the documentation here at the courthouse.  That way we know that he gets to review it" without having to work through layers of administration at the jail.  *Docket* # 451 at 6-7.  The Court specifically authorized "seven trips, all day, to the courthouse over the next 20 days" to facilitate Mr. Ray's review of the information, and that "if the seven trips to review this information is not sufficient, Mr. Ray may request an additional number of trips."[5]  *Id.* at 13.  Mr. Ray never filed a request for additional time to review the

---

[5]     After at least one visit to the courthouse to review discovery, Mr. Ray's advisory counsel moved **(# 308)** to have future review sessions conducted at the jail instead, due to better physical access at the jail.  The Court granted **(# 314)** that motion.

discovery nor raised any other issue regarding any limitations on his access to the information.[6] Again, Mr. Ray's § 2255 motion lacks specifics as to what discovery he was denied. With the record reflecting that Mr. Ray was given a full opportunity to review the available discovery and that he did so without further complaint prior to trial, the Court cannot find that Mr. Ray is entitled to relief.

Finally, Mr. Ray alleges that he was deprived of effective assistance of counsel, but as with his prior two arguments, he offers no specific information as to how 1) his counsel was ineffective; and 2) and how he was deprived of effective counsel.  As noted above, Mr. Ray elected to proceed *pro se* fairly early on in this case and continued to do so until near the end of trial. While appearing *pro se,* he had access to Mr. Viorst both in an advisory and fall back capacity.  Ultimately, when he sought to be represented by Mr. Viorst, Mr. Viorst readily undertook his representation.

The 10th Circuit has stated that "[a] defendant who chooses to represent himself and has the assistance of court-appointed standby counsel cannot succeed in establishing ineffective assistance against such counsel when it is clear that the defendant maintained control over his defense." *Lee v. Hines*, 125 Fed.Appx. 215, 217 (10th Cir. 2004).  During the time that Mr. Ray appeared *pro se*, he undoubtedly controlled the defense in this case, filing dozens of motions, arguing on his own behalf at hearings, presenting his opening statement at trial, and cross-examining witnesses.  Thus, he cannot establish an ineffective assistance claim arising at any point during his *pro se* representation.  To the extent Mr. Ray's ineffective assistance claim

---

[6]     Mr. Ray did occasionally complain during trial that "I never even got the discovery," but the record reflects that he never lodged such complaints between November 19, 2015 and the commencement of trial in January 2016, nor did he request a continuance of the trial in order to review the discovery.  *See Docket #* 458 at 50, 53. 55.

arises from the time period before he elected to proceed *pro se*, or during the period after Mr. Viorst resumed his representation, Mr. Ray has not stated any events that evidence ineffective assistance. The Court's recollection of the proceedings does not include any actions by the Public Defender or Mr. Viorst that would clearly support such a claim, and the record does not clearly reveal any. Thus, absent factual specifics the Court finds that Mr. Ray has not demonstrated that he received ineffective assistance of counsel.

Thus, Mr. Ray's § 2255 motion is denied in its entirety.

## CONCLUSION

For the foregoing reasons, Mr. Ray's Motion to Vacate **(# 481)** is **DENIED**. Pursuant to 28 U.S.C. § 2253(c)(1), the Court has *sua sponte* considered whether Mr. Ray has made a substantial showing of a denial of a constitutional right. Finding that he has not, the Court **DENIES** a Certificate of Appealability. The Clerk of the Court shall close the civil case that was opened to accompany Mr. Ray's motion.

Dated this 7th day of October, 2021.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge